# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP L. NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-12 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Cathy Bissoon |
| Mr. ALEXANDER COGHILL; and | ) | |
| BOROUGH OF CANONSBURG, | ) | |
| | ) | |
| Defendants. | ) | Re: ECF No. [9] |

## ORDER

Philip L. Neal ("Plaintiff") currently is a pre-trial detainee, awaiting trial in the Washington County Correctional Facility. Plaintiff has filed a civil rights action pursuant to Section 1983, alleging that his constitutional rights were violated by the Defendants when Defendant Coghill, a Canonsburg police detective, destroyed exculpatory evidence in Plaintiff's pending criminal case. ECF No. [2] at 2 to 3. Currently before this court is Plaintiff's motion to have this court intervene in his state court criminal proceedings. ECF No. [9]. Plaintiff does not specify what form of intervention he wants this court to take.

To the extent that Plaintiff seeks to have this court issue a writ of mandamus to the state court, the request is denied as federal courts have no ability to issue a writ of mandamus to state officials. In re Jones, 28 F.App'x 133, 134 (3d Cir. 2002). To the extent that Plaintiff would seek to have this court issue an injunction to the state court in Plaintiff's ongoing criminal

proceedings, Plaintiff has not shown, as is his burden[1] that any such injunction is permitted by the Anti-Injunction Act. 28 U.S.C. § 2283.[2]

Alternatively, even if Plaintiff had shown that the relief he requested is authorized by the Act, he has failed to carry his heavy burden to show entitlement to an injunction. Among the many deficiencies, is Plaintiff's failure to establish irreparable harm. Plaintiff fails to explain why he cannot raise the alleged prosecutorial misconduct before the state court and seek dismissal of the charges or other relief based on such alleged misconduct. See, e.g., Younger v. Harris, 401 U.S. 37, 46 (1971) ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Plaintiff also fails to show that such a motion in the state court, seeking either, dismissal of the charges or other relief, is not adequate to protect Plaintiff's federal rights. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (it is a movant's burden to show that the "preliminary injunction must be the *only* way of protecting the plaintiff from harm."). See also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297 (1970) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of

---

[1] "A party claiming to fall within one of the exceptions to the [Anti-Injunction Act] has the burden of establishing the necessary facts to bring himself or herself within the exception relied upon." 42 Am. Jur. 2d Injunctions § 199 (2010) (citing Greyhound Corp. v. Leadman, 112 F.Supp. 237 (E.D.Ky. 1953)).

[2] The Anti-Injunction Act, 28 U.S.C. § 2283, provides as follows:

> [a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

permitting the state courts to proceed in an orderly fashion to finally determine the controversy.").

AND NOW, this 24th day of March 2011,

IT IS HEREBY ORDERED that Plaintiff's motion to have this court intervene in his ongoing state court criminal proceedings is DENIED.

s/Cathy Bissoon  
CATHY BISSOON  
UNITED STATES MAGISTRATE JUDGE

cc:
PHILIP L. NEAL
Washington County Correctional Facility
100 West Cherry Ave.
Washington, PA 15301