IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP L. NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-12 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Maureen P. Kelly |
| MR. ALEXANDER COGHILL; and | ) | |
| BOROUGH OF CANONSBURG, | ) | |
| | ) | |
| Defendants. | ) | Re: ECF No. [14] |

## MEMORANDUM ORDER

Philip L. Neal ("Plaintiff") is currently a pre-trial detainee in the Washington County Correctional Facility, awaiting trial by the Court of Common Pleas of Washington County. Plaintiff was charged with, *inter alia*, aggravated assault in connection with an incident occurring at a bar where he is alleged to have slashed two people with a knife.

In January 2011, Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Alexander Coghill ("Coghill") and the Borough of Canonsburg ("the Borough"). Plaintiff alleges in the Complaint that Defendant Coghill violated his constitutional rights by destroying videotape surveillance of the incident which was exculpatory. ECF No. [2] at 2 to 3. Currently before this Court is Plaintiff's Motion for a Preliminary Injunction. ECF No. [14].

In the Motion for Preliminary Injunction, Plaintiff complains about actions allegedly taken by Defendant Coghill in April and May of 2011, some four months <u>after</u> the initiation of this lawsuit. Specifically, Plaintiff complains that Defendant Coghill, shortly after being served with this lawsuit in April 2011, approached Shawn Jordan, the owner of McGrogan's Tap Room, the bar where the aggravated assault occurred, and Defendant Coghill allegedly told Mr. Jordan

that Plaintiff was going to sue Mr. Jordan. ECF No. [14-1] at 2, ¶ 1. Plaintiff alleges that he was contacted (by whom, he does not say) and warned that Defendant Coghill was "out to get him" because of Plaintiff filing this lawsuit. Id.

Plaintiff further complains in his Motion for Preliminary Injunction that Detective Coghill, on May 13, 2011, re-interviewed a potential defense witness for Plaintiff in his state criminal proceedings, namely, Darette McGrogan, Plaintiff's former girlfriend, who was present on the night of the assault. Plaintiff complains that this re-interview caused emotional harm to Ms. McGrogan. Id. at ¶ 2. Thereafter, on May 16, 2011, Defendant Coghill is alleged to have obtained a search warrant which permitted him to seize all of Plaintiff's possessions which were apparently being kept at the home of Ms. McGrogan, where Plaintiff had once lived with her. Id. at ¶ 3. Plaintiff complains that the seizure of his possessions nearly two years after the aggravated assault, was accomplished by Defendant Coghill solely to retaliate against and harass Plaintiff due to his filing of this lawsuit. See id. at 3.

In his Motion for Preliminary Injunction, Plaintiff seeks an order directing Defendants to "cease from coercion, harassment and intimidation of owner Shawn Jordan and employees of McGrogan's Tap Room[.]" Id. at 4, ¶ 6. Further, Plaintiff seeks an order directing the Defendants to "cease from coercion, harassment and intimidation of Plaintiff's witness[,] Ms. Darette McGrogan[.]" Id. at ¶ 7.

Plaintiff's Motion for Preliminary Injunction will be denied because the accompanying Complaint does not contain any allegations as to the purported actions of Defendant Coghill, which are the subject of the Motion for Preliminary Injunction. The undisputed fact is that Plaintiff executed his Complaint on January 1, 2011 and alleged retaliatory actions by Defendant

Coghill did not take place until <u>after</u> the filing of the Complaint, apparently in April and May of 2011.

The general rule is that one may not seek any injunctive relief on claims that were not asserted in the underlying complaint. <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); <u>Westbank Yellow Pages v. BRI, Inc.</u>, NO. CIV. A. 96-1128, 1996 WL 255912, at *1, (E.D.La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."). Because Plaintiff seeks injunctive relief concerning claims not made in the Complaint, <u>i.e.</u>, Defendant Coghill is retaliating against him for filing this suit, (and indeed, such a claim could not have been made in the Complaint because Defendant Coghill's alleged retaliation had not yet taken place in January 2011, when Plaintiff filed this current lawsuit), the Motion for Injunctive Relief will be denied. <u>See</u>, <u>e.g.</u>, <u>Martin v. Keitel</u>, 205 F.App'x 925, 928-29 (3d Cir. 2006) ("Martin's request for injunctive relief is legally deficient as well. Martin's underlying substantive claim is that the prosecutor wrongfully added counts to his indictment. In his request for injunctive relief, however, Martin seeks to enjoin defendants and others (who are not named as defendants) from retaliating for his institution and prosecution of this litigation. His request for injunctive relief is thus targeted at potential conduct that bears no relation to his underlying claim.").

Alternatively, Plaintiff has failed to carry his heavy burden to show entitlement to an injunction. Among the many deficiencies is Plaintiff's failure to show that the grant of a

preliminary injunction in this court is the only way to protect his federal rights. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (it is a movant's burden to show that the "preliminary injunction must be the *only* way of protecting the plaintiff from harm."). Plaintiff fails to explain why he cannot seek relief in the state court where his criminal proceedings are ongoing and where the state court has the most familiarity with the situation and where protection of his criminal trial rights, such as preventing the alleged harassment of potential defense witnesses, could most easily be fashioned. In the alternative, Plaintiff is free to either file another action, or seek leave to file a supplemental complaint complaining of Defendant Coghill's alleged retaliatory acts.

AND NOW, this 17th day of August 2011, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED.

Date: August 17, 2011
s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:
PHILIP L. NEAL
Washington County Correctional Facility
100 West Cherry Ave.
Washington, PA 15301

All Counsel of Record via CM-ECF